IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LATAI FEARSON, § | | |
| PLAINTIFF, § | | |
| § | | |
| VS. § | | CIVIL ACTION NO. 4:23-CV-217-P |
| § | | |
| OLDHAM GOODWIN, ET AL., § | | |
| DEFENDANTS. § | | |

## FINDINGS, CONCLUSION, AND RECOMMENDATION REGARDING DISMISSING CLAIMS PURSUANT TO SCREENING PROVISIONS OF 28 U.S.C. § 1915(e)

On January 18, 2023, *pro se* Plaintiff LaTai Fearson ("Fearson") filed a Complaint [doc. 1] against Defendants Oldham Goodwin and Springhill Suites Marriott ("Defendants") in the Northern District of Texas' Dallas Division. In her Complaint, Fearson argues that the Defendants "terminated [her] based off of a lie given to [her] supervisor from another sister property," and that she was "hired as a part time employee [and] pressure was put on [her] to go full time."[1] (Plaintiff's Complaint ("Pl.'s Compl.') at 1.) Fearson was granted permission to proceed *in forma pauperis* on January 20, 2023, [doc. 6] and the case was subsequently transferred to the Fort Worth Division on March 1, 2023 [doc. 9].

Section 1915 of Title 28 of the United States Code sets forth provisions for claimants proceeding in forma pauperis ("IFP"). Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall, *sua sponte*, dismiss a case proceeding IFP if the court determines that it is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief can be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 556 (2007) (internal quotations

---

[1] The Court sent Fearson a questionnaire on January 23, 2023 [doc. 7], instructing Fearson, *inter alia*, to return her answers to the Court's questionnaire within fourteen days of the questionnaire's filing date. Fearson submitted her questionnaire responses on February 28, 2023 [doc. 8.].

omitted). This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (quoting *Bell Atl. Corp.*, 550 U.S. at 555).

After reviewing Fearson's Complaint, the Court finds she has failed to properly invoke any basis for this Court to exercise jurisdiction over the subject matter in this case. The general rule is that a federal court obtains jurisdiction over subject matter only if the elements necessary to constitute diversity of citizenship are met under 28 U.S.C. § 1332 ("diversity jurisdiction") *or* if the cause of action arises under the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331 ("federal question jurisdiction"). Fearson has not invoked diversity jurisdiction, though it appears she attempts to invoke Federal Question jurisdiction, alleging she was wrongfully terminated from employment. However, in her blanket allegations, Fearson fails to plead any facts establish a deprivation committed by a person acting under the color of state law. Additionally, her Complaint fails to state facts that support her claims entitle her to relief. Accordingly, Fearson's claims against Defendants have no basis in federal law, and the Court **RECOMMENDS** her claims be dismissed for failure to state a cognizable claim.

## RECOMMENDATION

It is **RECOMMENDED** that, pursuant to 28 U.S.C. § 1915(e), the above-styled and numbered cause be **DISMISSED** as Fearson, in her complaint, has failed to state a claim upon which relief can be granted.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served

with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **APRIL 19, 2023**, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED April 5, 2023.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE